IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GERALDINE BODDIE, | |
|     Plaintiff, | CIVIL ACTION FILE NO. |
| v. | 1:04-cv-01688-TWT-GGB |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | |
|     Defendant. | |

## **FINAL REPORT AND RECOMMENDATION**

This case is before the Court on the Commissioner's Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) With Reversal and Remand of the Cause to the Defendant. (Doc. 18.) The Social Security Act states that this Court "may, on motion of the Commissioner made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner . . . ." 42 U.S.C. § 405(g).

The Commissioner requests remand in this case so that an Administrative Law Judge ("ALJ") can further evaluate Plaintiff's claim. Specifically, the Commissioner states that:

> Upon remand, the Appeals Council will remand this case to an ALJ to further develop the record; reassess Plaintiff's mental impairments using the special technique found in 20 C.F.R. §§ 404.1520a and 416.920a,

including a rating of Plaintiff's functional limitation in the four broad functional areas; provide all evidence of record to Plaintiff/her representative and if the Administrative Law Judge obtains post-hearing evidence, proffer the evidence to Plaintiff/her representative and include the proffer in the record; obtain medical expert testimony and provide the medical expert with the complete records before he/she testifies; reassess Plaintiff's maximum residual functional capacity, both physical and mental; and obtain vocational expert testimony to determine if Plaintiff can perform her past relevant work or other work given the specific limitations the ALJ includes in the residual functional capacity finding. In addition, the ALJ will give consideration to the relevant evidence related to Plaintiff's subsequent application for Supplemental Security Income (that resulted in a favorable determination on October 25, 2005, with an established onset date of January 1, 2005), and issue a decision on the issue of Plaintiff's disability prior to January 1, 2005.

(Doc. 18 at 3-4.)  Plaintiff consents to the Commissioner's request.  (Doc. 19.)

For these reasons, I **RECOMMEND** that the Court **GRANT** the Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) With Reversal and Remand of the Cause to the Defendant (Doc. 18).

I further **RECOMMEND** that the Court **REVERSE** the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) with a **REMAND** of the cause to the Commissioner for further proceedings.  See Shalala v. Schaefer, 509 U.S. 292 (1993); Melkonyan v. Sullivan, 501 U.S. 89 (1991).  The Clerk of the Court shall enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO RECOMMENDED**, this 24th day of May, 2011.

                                _/s/ Gerrilyn G. Brill_
                                GERRILYN G. BRILL
                                UNITED STATES MAGISTRATE JUDGE